IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| KENAN TRANSPORT, LLC, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female (pregnancy), and retaliation, and to provide appropriate relief to Jessica Williams ("Williams") who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission"), alleges that Kenan Transport, LLC ("Defendant") forced Williams to take leave and discharged her on the basis of her sex, female (pregnancy). The Commission alleges in the alternative that Defendant discharged Williams in retaliation for engaging in protected activity.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Spartanburg Division. This lawsuit is being filed in the Spartanburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Spartanburg Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the state of South Carolina and the city of Spartanburg, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jessica Williams filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Williams began working for Defendant at its Spartanburg, South Carolina trucking facility as a Billing Clerk around December 2009. Williams initially worked for

Defendant as a temporary employee. On or about April 5, 2010, Williams became a permanent employee of Defendant.

8.     <u>Pregnancy Discrimination – Forced Leave</u> - Beginning on or about February 23, 2012 through at least May 15, 2012, Defendant engaged in lawful employment practices at its Spartanburg, South Carolina trucking facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), as described more fully below.

9.     On February 23, 2012, when Williams was approximately seven and a half months pregnant, Williams went into preterm labor. Williams' doctor stopped Williams' labor that same day, and excused Williams from work until February 27, 2012.

10.     Later on February 23, 2012, Williams told her supervisor, the Terminal Manager of the Spartanburg trucking facility, that her doctor ordered bed rest but that she could return to work without restrictions on February 27, 2012. In response, the Terminal Manager told Williams to stay home until she delivered her baby. Williams told the Terminal Manager that she could not afford to be out of work in an unpaid status and that there was no reason for her to be out of work. The Terminal Manager responded to Williams that it would be best if she stayed home in case she had additional problems. Any leave Williams took at that time would be unpaid.

11.     On February 23, 2012, at some point after speaking with Williams, the Terminal Manager sent an e-mail to his Regional Manager that stated, "Jessica called a little while ago and obviously since she called she has not had the baby. Hospital decided to stop labor since she wasn't as far as along than [sic] they wanted. The hospital put her on bed rest until Monday and I have asked her to keep us posted with how she is doing but to just stay home until she has the baby."

12. Williams also contacted the Regional Manager about her conversation with the Terminal Manager. Among other things, Williams told the Regional Manager that the Terminal Manager told her to stay home until she had the baby. Williams told the Regional Manager that she would have to apply for unemployment benefits if she was not allowed to return to work. The Regional Manager told Williams that Respondent would not oppose her request for unemployment.

13. In an application for unemployment benefits filed on or before February 29, 2012, in response to the reason for separation Williams stated, "Lack of Work, Temp was brought in due to pregnancy. Doctors have released me and I plan on returning."

14. Williams gave birth to her child on March 12, 2012.

15. At no time during her conversations with the Terminal Manager or Regional Manager did Williams request to go out on leave. Rather, the Terminal Manager forced Williams to take leave because of her pregnancy, in violation of Title VII.

16. <u>Pregnancy Discrimination – Discharge</u> – On or around June 15, 2012, Defendant engaged in lawful employment practices at its Spartanburg, South Carolina trucking facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by discharging Jessica Williams on the basis of her sex, female (pregnancy), as described more fully below.

17. The allegations contained in paragraphs 9 through 15 are incorporated as if set forth fully herein.

18. On April 12, 2012, the Terminal Manager asked Williams when she would return to work. Williams told the Terminal Manager she had not yet been released by her doctor.

19. On or about May 15, 2012, a representative of Defendant's Human Resources Department told Williams that Williams' job had been eliminated. On June 15, 2012, Defendant

completed a termination notice for Williams that states Williams' termination date is June 15, 2012.

20. Defendant discharged Williams because of her pregnancy, in violation of Title VII.

21. <u>Retaliation Discharge</u> – In the alternative, on or around June 15, 2012, Defendant engaged in lawful employment practices at its Spartanburg, South Carolina trucking facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Jessica Williams because she engaged in activity protected by Title VII, as described more fully below.

22. The allegations contained in paragraphs 9 through 15 and 17 through 20 are incorporated as if set forth fully herein.

23. On April 12, 2012, Williams complained to a representative of Defendant's Human Resources Department that Defendant forced her to take maternity leave.

24. On or about May 15, 2012, Williams told a representative of Defendant's Human Resources Department that she intended to file a discrimination complaint based on her pregnancy. On or around June 15, 2012, approximately two months after making a verbal complaint about pregnancy discrimination and one month after notifying Defendant that she intended to file a discrimination complaint based on her pregnancy, Williams was discharged by Defendant.

25. Williams was discharged because she engaged in protected activity in violation of Title VII.

26. The effect of the practices complained of above has been to deprive Jessica Williams of equal employment opportunities and otherwise adversely affect her status as an

employee because of her sex, female (pregnancy) and in retaliation for engaging in protected activity.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jessica Williams.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate against women on the basis of sex, including pregnancy, and from engaging in retaliation against employees because they have opposed unlawful employment practices or otherwise engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and those employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Jessica Williams whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Jessica Williams whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make Jessica Williams whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Jessica Williams punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 30th day of September, 2013.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    131 M Street, NW

7

Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

**s/ Nicholas Walter**
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.954.6472
Facsimile:     704.954-6412
Email:         nicholas.walter@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

7:13-cv-02661-GRA     Date Filed 09/30/13     Entry Number 1     Page 8 of 8